JOHN M. DVORAK,

    Plaintiff,

    v.    Case No. 07-C-229

JOHN HUSZ, Warden Milwaukee Secure Detention Facility,
JOHN DOE, Psychiatrists/Psychologists,
C.O. MELISSA KRUEGER,
VINCENT COOKS,
MATTHEW J. FRANK,
JOHN DOE, Doctor,
JANE DOE, Nurses,
SECURITY DIRECTOR,
KELLY SALINAS, and
JOHN DOE, Captain,

    Defendants.

ORDER DENYING DEFENDANTS' MOTION TO DISMISS (DOC. #15)

    Plaintiff, John M. Dvorak, a former state prisoner, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. On May 20, 2007, the court granted the plaintiff's motion for leave to proceed *in forma pauperis* and screened the May 8, 2007, amended complaint pursuant to 28 U.S.C. § 1915A. The plaintiff is proceeding on claims that, while incarcerated at the Milwaukee Secure Detention Facility (MSDF), the defendants were deliberately indifferent to his serious medical needs, denied him access to the courts, and subjected him to unconstitutional conditions of confinement.

    On July 26, 2007, the defendants filed a motion for partial dismissal. They contend that the court should dismiss several of the plaintiff's claims without prejudice because he refused to permit counsel for the defendants necessary access to his Wisconsin

Department of Corrections medical records. Specifically, the defendants assert that because the plaintiff failed to sign an Authorization and Informed Consent for Use and Disclosure of Medical Information, the court should dismiss the claims citing: 1) receipt of inadequate mental health care at MSDF and denial of medication for his mental illnesses; 2) exposure to extreme temperatures for more than a week, causing his body temperature to drop, and 3) receipt of inedible and, hence, nutritionally inadequate food.

The plaintiff requests that the court deny the defendants' motion that when he was asked to sign the authorization, he thought discovery was premature inasmuch as all of the defendants had not been served. He informed the defendants that he would sign the waiver authorization once all of the defendants were served. The plaintiff further contends that counsel for the defendants has withheld the names and addresses of John and Jane Doe defendants for the sole purpose of frustrating the United States Marshals Service's attempt to serve those individuals. Consequently, the plaintiff asks that the defendants be directed to provide him the names and addresses of all John and Jane Doe defendants so that they can be served.

As an initial matter, the defendants do not specify the rule upon which they base their motion for partial dismissal. *See* Civil L.R. 7.1 (E.D. Wis.) ("Every motion must set forth the rule pursuant to which it is made. . . ."). Additionally, the plaintiff did not refuse to sign the authorization in an attempt to avoid the release of his medical records, or in an unreasonable manner so as to delay this lawsuit. Apparently he thought that discovery was premature when the authorization was requested and delayed because all of the defendants had not been served. Finally, the plaintiff's refusal to sign the authorization was not in contravention of any order of the court.

Under these circumstances, the court finds that dismissal of the plaintiff's claims is unwarranted. The parties are advised that a Scheduling Order will be issued promptly setting deadlines for the completion of discovery and for filing dispositive motions. Additionally, the plaintiff is on notice that this means that discovery is "open" even though all of the defendants have not been identified and served.

A review of the docket reveals that only two defendants, John Husz and Matthew J. Frank, have been served. In their motion for partial dismissal, the defendants correctly identified three other defendants: 1) Correctional Officer Krieger is "C.O. Melissa Krueger"; 2) Correctional Officer Cooks is "Vincent Cooks"; and 3) Jane Doe, Complaint Examiner is "Kelly Salinas." Also, according to the defendants, Vincent Cooks is no longer employed by the Wisconsin Department of Corrections.

In the event that the United States Marshal Service encounters difficulty in obtaining a forwarding address for Vincent Cooks, counsel for the defendants should obtain the address and submit it to the Marshal's Service under seal, so that service may be accomplished upon this defendant.

Finally, the remaining defendants, John Doe, psychiatrists/psychologists; John Doe, doctor; Jane Doe, nurses; Security Director; and John Doe, captain, have not been identified. The plaintiff should use discovery to determine the names of these defendants. Afterward he should inform the court of their identities, so that the United States Marshals Service will be in the position to serve these defendants.

Now, therefore,

**IT IS ORDERED** that the defendants' motion for partial dismissal (Doc. #15) is **DENIED**.

**IT IS FURTHER ORDERED** that the docket caption is amended to reflect as follows: 1) defendant Correctional Officer Krieger is "C.O. Melissa Krueger"; 2) defendant Correctional Officer Cooks is "Vincent Cooks"; and 3) defendant Jane Doe, Complaint Examiner is "Kelly Salinas."

**IT IS FURTHER ORDERED** that the United States Marshals Service serve a copy of the amended complaint, the summons, and this order upon defendants Melissa Krueger, Vincent Cooks, and Kelly Salinas pursuant to Federal Rule of Civil Procedure 4. If the United States Marshal Service encounters difficulty in obtaining a forwarding address for former Wisconsin Department of Corrections employee Vincent Cooks, it should advise defense counsel who should seek the addresses of these defendants and submit them to the United States Marshal's Service under seal, so that service may be effected.

Dated at Milwaukee, Wisconsin, this 29th day of February, 2008.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. DISTRICT JUDGE